# CV 09 4603

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-------------------------------------------------------

JACOB KLEIN
on behalf of himself
and all others similarly situated                    *(S.T.)*

       Plaintiff,

  -against-

TRAUNER, COHEN & THOMAS, L.L.P.

       Defendant.

\-------------------------------------------------------

*(court stamp, partially illegible)*
OCT 2 2009
LONG ISLAND OFFICE

**GARAUFIS, J.**

**GO, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Jacob Klein seek redress for the illegal practices of Trauner, Cohen & Thomas, L.L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a natural person who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to CACH, LLC.

4. Upon information and belief, Trauner, Cohen & Thomas, L.L.P. is a Georgia limited liability partnership with its principal place of business located in Atlanta, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letters were sent into this district.

### Allegations Particular to Jacob Klein

9.  Upon information and belief, on a date better known by defendant, defendant began to attempt to collect alleged consumer debts from the plaintiff.

10. Upon information and belief, on or about June 12, 2009 the defendant sent the plaintiff a collection letter seeking to collect balances allegedly incurred for personal purposes.

11. Said letter was sent in an attempt to collect a debt.

12. Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license number with the Department of Consumer Affairs.

13. In order to attempt to collect the within alleged debt from the plaintiff, who resides in New York City, the defendant must be licensed with the Department of Consumer Affairs.

14. Said letter could not be directed at a New York City consumer because the defendant was not licensed with the New York City Department of Consumer Affairs at the time of

the sending of the letters to the plaintiff.

15. Attorneys and collection agencies must be licensed.

16. Said letter states in part: "In this regard, this office represents the above-named CACH, LLC who has placed this matter, in reference to original account with AMERICAN EXPRESS BANK FSB, for collection and such action as necessary to protect our client."

17. Said language implies to the least sophisticated consumer that the defendant will commence suit against the plaintiff on behalf of the said client.

18. Upon information and belief, the defendant has no intention to file suit on behalf of the defendant's client, the underlying creditor, CACH, LLC.

19. Said letter further states in part: "However if we do not hear from you, this account will be returned to our Client for further disposition."

20. Said language states that if the plaintiff does not contact the defendant, the defendant will return the account to the underlying creditor, CACH, LLC.

21. The defendant has falsely threatened suit against the plaintiff.

22. The defendant has confused the consumer with contradictory statements, one of which is false.

23. The said actions of the defendant are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5),1692e(10) and 1692f for engaging in deceptive and unfair practices.


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

24.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-23 as if set forth fully in this cause of action.

25.   This cause of action is brought on behalf of plaintiff and the members of a class and sub-class.

26.   The Class consists of consumers who received the same form letter, as did the plaintiff.

27.   The Class consists of all persons whom Defendant's records reflect resided in the State of York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to plaintiff from one year prior to the date of the filing of the complaint to the date of the filing of the complaint (b) the collection letters were sent to a consumer seeking payment of an alleged personal debt; and (c) the collection letters were not returned by the postal service as undelivered, (d) and that the letters contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

28.   A sub-class exists for those class members who reside within the City of New York with the further violation of 1692e(10) and 1692f for the failure to be licensed.

29.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the defendant violated the FDCPA by failing to obtain a license and by engaging in other acts of deception.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

33.  The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34.  Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
October 22, 2009

Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)